## TIMES-PICAYUNE PUB. CO v. HARANG

---

(February 11, 1929.  Opinion and Decree.)

---

Frymire and Ramos, of New Orleans, attorneys for plaintiff, appellee.

Roger Meunier, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J.  This is a suit for $182.00, the contract price of certain advertising, which appeared in the columns of a newspaper published by plaintiff. There was judgment for plaintiff and defendant has appealed.

The contract is dated October 4, 1926, and provides for the insertion of an advertisement of defendant's business every Sunday for twenty-six weeks, beginning March 1, 1927, on plaintiff's "Builders Digest Page." It is signed by defendant and by an advertising solicitor of plaintiff, A. G. Kirkland.  In the left hand margin there appears the following:

"New Orleans, February 10, 1927.
"This contract approved and accepted for THE TIMES-PICAYUNE PUBLISHING CO.
"By (Signed) John F. Tims, Jr., G
"Business Manager."

This marginal addenda, like the contract itself, is, except for a few words in writing, such as the date and signature, entirely in print.

Defendant's contention is that since plaintiff signed the marginal acceptance February 10, 1927, and the instrument signed by himself and plaintiff's agent, Kirkland, was dated October 4, 1926, or more than four months previous, there was no contract, because of the unreasonable delay in the acceptance of what he refers to as his proposal of October 4, 1926.  He cites:

C. C. 1800:

"The contract, consisting of a proposition and the consent to it, the agreement is incomplete until the acceptance of the person to whom it is proposed.  If he, who proposes, should before that consent is given, change his intention on the subject, the concurrence of the two wills is wanting, and there is no contract."

C. C. 1801:

"The party proposing shall be presumed to continue in the intention, which his proposal expressed, if, on receiving the unqualified assent of him to whom the proposition is made, he do not signify the change of his intention."

C. C. 1802:

"He is bound by his proposition, and the signification of his dissent will be of no avail, if the proposition be made in terms which evince a design to give the other

party the right of concluding the contract by his assent; and if that assent be given within such time as the situation of the parties and the nature of the contract shall prove that it was the intention of the proposer to allow."

There is nothing in the body of the agreement which suggests the necessity of the signature of plaintiff's business manager, or infers that Kirkland, who represented plaintiff and signed the instrument, was without authority to act for plaintiff. The marginal inscription perhaps conveys such implication. Conceding, however, that the "contract" (it will be observed that even in the margin it is referred to "this contract") is incomplete until countersigned by the business manager, was the delay, in affixing his signature, unreasonable?

It will be recalled that though plaintiff signed the instrument October 4, 1926, the advertising was to begin March 1, 1927, about five months thereafter. In accepting the contract February 10th, nearly one month before the first advertisement was to appear, was there not, under the very terms of the codal article cited (1802), an assent "given within such time as the situation of the parties and the nature of the contract shall prove that it was the intention of the proposer to allow?" The answer must be in the affirmative.

Moreover, there was no reason for plaintiff to refuse the business which it had solicited. Defendant had on former occasions placed advertising with the plaintiff for insertion in its "Business Digest Page" and its account had been satisfactorily settled. It would appear that defendant's contract, with others of a similar character, were accumulated, and as the time approached for their execution they were accepted in a formal way.

Defendant says his business, (manufacturing and selling awnings and window shades), was essentially a spring and summer business, and it was important for him to have prompt information of the acceptance of this advertising, and that, failing to get such notice, he contracted for advertising space in other publications. But, he does not claim to have made any inquiry about this contract, nor to have urged its definite consideration before its acceptance by plaintiff, as would appear the natural thing to do under the circumstances. As far as his business was concerned, he had fixed the time for the advertisement, presumably most advantageous for his purpose, and there is no evidence to the effect that February 10th was too late to secure other means of advertising to begin March 1st.

For the reasons assigned the judgment appealed from is affirmed.